UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN AGUIAR, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 25-cv-11307-ADB |
| | * | |
| FRED BOWERS, | * | |
| | * | |
| Respondent. | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Petitioner Stephen Aguiar, proceeding pro se, brings this habeas corpus action, seeking

vacatur of a public safety factor ("PSF") that was applied to his security classification by the

federal Bureau of Prisons ("BOP").  Before the Court is Respondent Fred Bowers's motion to

dismiss, [ECF No. 11].  For the following reasons, the motion is **GRANTED**.

I.      **BACKGROUND**

A.      **Facts**

The petition alleges as follows.  In 2011, Petitioner was convicted and sentenced to 360

months' imprisonment for his role in a drug conspiracy, with a concurrent sentence for violation

of the terms of a prior supervised release order.  [ECF No. 1 ("Pet.") ¶ 5].  The drug conspiracy

"involved heroin and over 5 kilograms of cocaine."  [Id.].  He received an aggravating-role

sentencing enhancement pursuant to section 3B1.1 of the United States Sentencing Guidelines

based on a finding that he was a leader-organizer of the offense.  [Id. ¶ 7].  After Petitioner was

sentenced, BOP assigned him a PSF of "Greatest Severity," [id. ¶ 8], pursuant to BOP Program Statement No. 5100.08, CN-2, Inmate Security Designation and Custody Classification (2025) ("P.S. 5100.08").[1]  As a result of that PSF, he is "ineligible for [a] lower security placement and certain post-sentencing rehabilitation programming benefits."  [Pet. ¶ 8].

### B.    Procedural History

After exhausting administrative challenges to his PSF assignment, see [Pet. ¶ 9]; [ECF No. 12 at 7], Petitioner filed the instant petition on May 5, 2025, [Pet.].  On September 12, 2025, Respondent moved to dismiss.  [ECF No. 11].  Petitioner filed an opposition on October 20, 2025.  [ECF No. 16].

## II.    LEGAL STANDARD

"When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter," because "if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest."  Deniz v. Mun. of Guaynabo, 285 F.3d 142, 149–50 (1st Cir. 2002) (first citing N.E. Erectors Ass'n of BTEA v. Sec. of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995); and then citing Bell v. Hood, 327 U.S. 678, 682 (1946)).

A motion to dismiss pursuant to Rule 12(b)(1) requires the Court to determine whether the facts as alleged in the complaint, "taken at face value," support the existence of subject matter jurisdiction.  Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017) (citing Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003)).  The Court "appl[ies] a standard

---

[1] People incarcerated in federal prisons receive classifications based on the level of security and supervision they require.  [ECF No. 12 at 4–5].  Part of a person's classification is the PSF, which indicates that he or she fits particular categories of "offense, sentence, criminal history, or institutional behavior."  [Id. at 5].

of review 'similar to that accorded to a dismissal for failure to state a claim' under subsection 12(b)(6)." Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).  It must "accept the factual averments of the complaint as true, and construe those facts in the light most congenial to [Petitioner's] cause." Royal v. Leading Edge Prods., 833 F.2d 1, 1 (1st Cir. 1987) (first citing Guessefeldt v. McGrath, 342 U.S. 308, 310 (1952); and then citing Chongris v. Bd. of Appeals of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987)).  "Dismissal can be justified only if it clearly appears that no colorable hook exists upon which subject matter jurisdiction can be hung."  Id.  Even so, Petitioner "bears the burden of establishing that the federal court has subject-matter jurisdiction." Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64 (1st Cir. 2018) (citing Gordo-González, 873 F.3d at 35).

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to determine whether the petition "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Detailed factual allegations are not required, but a pleading must set forth "more than labels and conclusions." Twombly, 550 U.S. at 555. Legal conclusions couched as facts or "[t]hreadbare recitals of the elements of a cause of action" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555); see also Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## III.      DISCUSSION

### A.      Subject Matter Jurisdiction

Respondent contends that the Court lacks subject matter jurisdiction because the petition "does not challenge the validity or duration of [Petitioner's] confinement." [ECF No. 12 at 1–2, 10–11]. The Court disagrees. Though a close call, Petitioner's challenge falls within the Court's habeas jurisdiction under 28 U.S.C. § 2241. The First Circuit has held that a habeas petition "can be used, among other things, to challenge the 'manner of execution' of a federal sentence," Cockerham v. Boncher, 125 F.4th 11, 13 (1st Cir. 2024) (citations omitted) (quoting Muniz v. Sabol, 517 F.3d 29, 33–34 (1st Cir. 2008)) (first citing Wallace v. Reno, 194 F.3d 279, 284 (1st Cir. 1999); and then citing Rogers v. United States, 180 F.3d 349, 356–57 (1st Cir. 1999)), provided that the challenge, if successful, would result in a "less restrictive" custodial environment, id. at 873–74 (quoting Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)). See Muniz, 517 F.3d at 31–34 (exercising § 2241 jurisdiction over a challenge to BOP regulations that delayed transfer to community corrections centers or "halfway houses"); Rogers, 180 F.3d at 357 (concluding that § 2241 was proper authority for challenge seeking incarceration in state, rather than federal prison). Here, Aguiar challenges his PSF on the basis that it results in a higher-security housing placement, see [Pet. ¶ 8]; see also [ECF No. 16 at 5 ("[A] Greatest Severity PSF automatically bars an inmate from earlier placement in a Residential Re-entry Center or home confinement.")]. In other words, the petition, if successful, would make Aguiar eligible for a lower-security form of confinement, and for that reason it properly falls within the Court's habeas jurisdiction. See Block v. Bowers, No. 25-cv-40031, 2026 WL 444642, at *3, *6–7 (D. Mass. Feb. 17, 2026) (concluding that challenge to PSF could proceed under § 2241); cf. Graham, 922 F.2d at 381 (recognizing the difference between "[having] the run of the prison"

4

and "solitary confinement" as a difference in level of custody adequate for habeas jurisdiction); Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001) (noting that § 2241 reaches challenges to "prison disciplinary actions, prison transfers, types of detention and prison conditions" (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001))).

### B. Failure to State a Claim

Respondent next contends that the petition fails to state a claim because "the Court 'cannot review the BOP's legitimate exercise of its own discretionary powers.'" [ECF No. 12 at 11 (quoting Musquiz v. Grondolsky, No. 09-cv-40086, 2010 WL 2105939, at *3 (D. Mass. May 21, 2010))]. Though Respondent does not elaborate on the legal basis for that argument, the Court understands it to refer to 18 U.S.C. § 3625, which makes the Administrative Procedure Act ("APA") inapplicable to "any determination, decision, or order under [18 U.S.C. chapter 229, subchapter C]." 18 U.S.C. § 3625; see Musquiz, 2010 WL 2105939, at *3 (discussing § 3625). Respondent appears to be arguing that PSFs are assigned pursuant to 18 U.S.C. § 3621(b), see [ECF No. 12 at 4 (attributing a prisoner's "security designation" to § 3621(b))], to which the § 3625 bar applies. Petitioner, on the other hand, argues that PSFs derive from 18 U.S.C. § 4081,[2] to which § 3625 does not apply. See [ECF No. 16 at 4]. Ultimately, the Court concludes that PSFs are assigned pursuant to 18 U.S.C. § 3621(b), and that APA review is therefore unavailable.

The Court begins with the text of the respective provisions. 18 U.S.C. § 3621(b) provides, in relevant part:

---

[2] Petitioner initially cited § 3621 as the basis for BOP's PSF decisions, see [Pet. ¶¶ 1, 11, 13], but his opposition directs the Court to § 4081, see [ECF No. 16 at 4]. Because the Court ultimately concludes that § 3621 applies even in light of Petitioner's argument about § 4081, Respondent will not prejudiced by the Court addressing that new argument here.

5

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to [factors including the prisoner's security designation and other security concerns of the Bureau of Prisons], place the prisoner in a facility as close as practicable to the prisoner's primary residence . . . .  The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering—
>> (1) the resources of the facility contemplated;
>> (2) the nature and circumstances of the offense;
>> (3) the history and characteristics of the prisoner;
>> (4) any statement by the court that imposed the sentence—
>>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>> (B) recommending a type of penal or correctional facility as appropriate; and
>> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 4081 provides:

> The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

The two statutes work in tandem, with § 4081 establishing the infrastructure within which decisions pursuant to § 3621 are made.  § 4081 contemplates an "integrated system" of appropriately sized "penal and correctional institutions," so that federal prisoners may be "classifi[ed] and segregat[ed]" into discrete facilities for purposes of providing "discipline, care, and treatment" that are appropriate in light of those prisoners' individual characteristics.  With that system in existence, § 3621(b) empowers BOP to make individual placement decisions, including by assigning individual PSFs, which limit the types of facilities in which prisoners may be placed, see, e.g., P.S. 5100.08, ch. 5, p. 7 (providing that a male inmate subject to a Greatest Severity PSF "will be housed in at least a Low security level institution, unless the PSF has been waived").  Accordingly, though both statutes play a role in the assignment of PSFs, individual

6

PSF decisions are made pursuant to BOP's authority to "designate the place of the prisoner's imprisonment," 18 U.S.C. § 3621(b),[3] and APA review is thus unavailable, 18 U.S.C. § 3625.

Having decided the case on this threshold ground, the Court need not reach the parties' arguments as to Petitioner's specific APA claims.

IV.    **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss, [ECF No. 11], is

**GRANTED**.  The petition, [ECF No. 1], is **DISMISSED** with prejudice.

**SO ORDERED.**

April 16, 2026                                                    */s/ Allison D. Burroughs*
                                                                  ALLISON D. BURROUGHS
                                                                  U.S. DISTRICT JUDGE

---

[3] Though scattered cases before other sessions of this Court have concluded that § 4081 is a source of BOP's statutory authority to assign PSFs, see Fox v. Lappin, 409 F. Supp. 2d 79, 89 (D. Mass. 2006); Block, 2026 WL 444642, at *5–7, the issue has not often been contested here, e.g., Block, 2026 WL 444642, at *7 n.14 ("The parties agree[d] that BOP derives classification authority from 18 U.S.C. § 4081."), and the Court finds ample support for the conclusion that PSFs are assigned pursuant to § 3621 in cases from this district and beyond, see Golden v. Sabol, No. 08-cv-40045, 2010 WL 11937105, at *10 (D. Mass. Mar. 18, 2010), report and recommendation adopted, 2010 WL 11937104 (Apr. 29, 2010) (attributing security classification to both § 4081 and § 3621 and noting that the BOP "implement[ed] the PSF classification system . . . through its authority under 18 U.S.C. § 3621(b)," id. at *4 n.15.); Fox, 409 F. Supp. 2d at 89 (noting that the classification procedures were established "for purposes of inmate placement"); Perez v. Lappin, 672 F. Supp. 2d 35, 44 (D.D.C. 2009); Burnham v. Marberry, No. 07-cv-00097, 2008 WL 4190785, at *7 (W.D. Pa. Sep. 10, 2008); Day v. Nash, No. 05-cv-00797, 2005 WL 2654089, at *1 (D.N.J. Oct. 12, 2005), aff'd, 191 F. App'x 137 (3d Cir. 2006); Pollock v. Kallis, No. 20-cv-00359, 2021 WL 2710013, at *3 (D. Minn. July 1, 2021), aff'd sub nom., Pollock v. Marske, No. 21-cv-02570, 2022 WL 1218640 (8th Cir. Apr. 26, 2022); Lee v. Eng., No. 19-cv-03029, 2019 WL 3891147, at *9 (D. Kan. Aug. 19, 2019), aff'd sub nom., Jones v. Eng., 817 F. App'x 580 (10th Cir. 2020).